KENTUCKY UNIVERSITY *v.* H. H. WHITE, ET AL.

**Corporations Accepting Conveyances.**

> Property conveyed to a corporation is to be held under the conveyance and charter as if they constituted but one instrument.

**Powers of Corporation.**

> A corporation derives its powers from its charter, and these cannot be enlarged by contract with third persons, although their exercise as to particular parts of corporate property may be limited by such contracts, when to do so will not affect the rights of the public by impairing its ability to accomplish the purposes of its creation.

APPEAL FROM FAYETTE CIRCUIT COURT.

October 22, 1878.

OPINION BY JUDGE COFER:

The position of appellant's counsel, that property conveyed to a corporation is to be held under the conveyance and charter as if they constituted but one instrument, is, we think, correct.

The powers of the corporation are derived from its charter, and these powers cannot be enlarged by contract with third persons, though their exercise as to particular parts of corporate property may be limited by such contracts when such limitations do not affect the rights of the public by impairing the ability of the corporation to accomplish the purposes for which it was created. If, therefore, the appellant's charter, or its charter and the act to establish the Agricultural and Mechanical College, or these and the contracts between the corporation by its agent and those from whom the money to purchase the land and erect the buildings was obtained, inhibits a sale of the property by the corporation, then it cannot defeat that inhibition by the indirection of creating debts and permitting the property to be sold under legal process to satisfy those debts.

There is nothing in either deed imposing any restrictions on the

power of the corporation over its corporate property, and as by Section 3 of the Charter of 1858 it has general power to sell, lease, rent and dispose of any property it may acquire in any way the curators may judge most useful to the interests of the university, there is no limitation on the power of disposition unless it be contained in section 14, of the charter, or in section 3 of the act to create the Agricultural and Mechanical College.

Section 14 applies to property donated, that is, gratuities to the corporation, and makes provision, first, that all such donations, whether by deed, will or otherwise, shall be strictly applied according to the directions of the donor or testator; and second that all moneys thus donated as a permanent endowment fund shall be principal, and only the income therefrom shall be used. But that section has no application to a fund not donated; and as those who paid money on obligations, of which exhibit "A" is a copy, were by its terms to be entitled to certificates of stock entitling them or their representatives and assigns to stock to the amount paid, and that stock entitled the holder to tuition in the university, they are not donors within the meaning of section 14. Nor does the recital in the obligation that the money for which it was given for the purchase of grounds and the erection of buildings for the various departments of the university create a trust or use of such a character as exempts the property purchased with it from the general powers of the corporation conferred by section 3. While it is no doubt true that the desire to advance the cause of education was the prime inducement prompting those who gave their obligations and paid money on them, yet this is not expressed as the consideration, nor is there any attempt to place the property to be purchased under the provisions of the 14th section of the charter.

Section 3 of the act to establish the Agricultural and Mechanical College provides for conducting an experimental or model farm, and for instructing pupils in the art of farming and in the mechanical arts; and for the purpose of carrying on that college the state made certain appropriations, but these were limited to the expenses of conducting the college, and were not for the purchase of lands or the erection of buildings, and gave the state no interest in the corporate property; nor did that act in any way limit the power of the corporation over its own property. We are unable to perceive the grounds upon which it is supposed that act operated to exempt the property of the appellant from sale to satisfy its debts. That it

is an educational corporation does not make it a public, or even quasi-public, corporation.

The public has no other or greater interest in the existence and conduct of the appellant's school than in any other of equal size and merit.   It is strictly a private corporation ,and those who contributed to its establishment or support placed their contributions under the power and control of the corporation and trusted its preservation and use to them, and if it be lost by being sold to satisfy corporate debts, the loss is one incident to the nature of the enterprise, and must be borne just as in other cases of the kind.

Judgment *affirmed.*

*B. J. Peters, W. C. P. Breckinridge, for appellant.*

*George W. Dornall, for appellees.*